IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,861-03 AND WR-67,861-04






EX PARTE JEFFERY JEROME SALINAS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 32,320-A & 32,923-A IN THE 300TH JUDICIAL DISTRICT COURT

FROM BRAZORIA COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writs of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas to two charges of robbery and
was sentenced to ten years' imprisonment for each charge. 

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because counsel
failed to timely file a notice of appeal. Applicant alleges that he intended to preserve his right to appeal the
trial court's ruling on a pre-trial motion to suppress. Although counsel voiced this intention on the record,
and the trial court stated on the record that Applicant retained the right to appeal the suppression issues,
no notice of appeal was filed in either cause, and no appellate counsel was appointed.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance of counsel
on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact first as to whether Applicant expressly waived his right
to appeal when he entered his pleas in these causes. If Applicant did expressly waive his right to appeal,
the trial court shall supplement the record with copies of the waiver(s). If Applicant did not expressly waive
the right to appeal the trial court's ruling on the motion to suppress, the trial court shall make findings of fact
as to whether appellate counsel was appointed and whether notice of appeal was filed. If not, the trial court
shall make findings as to why not. The trial court shall also make findings as to whether Applicant was led
to believe that he would retain the right to appeal the suppression issues if he entered guilty pleas in these
causes. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: October 3, 2007


Do not publish